## LOGAN IRON WORKS v. KLEIN.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

SALES (§ 348*)—ACTION FOR PRICE—DEFENSES—COUNTERCLAIM.

In an action for the price of a boiler, work in setting it on a foundation, and erecting a chimney "suitable for the boiler," defendant may counterclaim the expense of extending the chimney to put it in the condition required by the contract.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 348.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by the Logan Iron Works against Leontine Klein. From a judgment for plaintiff, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Edward Fillmore, for appellant.

John M. Zurn, for respondent.

MILLER, J. The plaintiff agreed to sell and deliver to the defendant a boiler for the sum of $1,235, to set it in brickwork for the sum of $539, and to erect a chimney suitable for the boiler for the sum of $674. The sum of $2,000 has been paid, and this suit is brought to recover the balance.

The only disputed question of fact was whether the chimney constructed by the plaintiff was suitable; the evidence of the defendant tending to show that it needed to be 30 feet higher to produce the requisite draft. The defendant did not rely upon nonperformance as a defense, but pleaded as a counterclaim and set-off that she had been compelled to expend the sum of $610 to put the chimney in the condition required by the contract. At the close of the evidence, the Municipal Court justice dismissed the counterclaim, and it must be admitted that the defendant's counsel had wholly failed to elicit from the witnesses the testimony necessary to present a question of fact on that issue; but that was due to two things—the unscientific questions asked and the erroneous rulings of the justice. While many, and perhaps most, of the questions were objectionable, the objections to some were improperly sustained. For instance, the defendant was not permitted to testify that she extended the chimney; and we must assume that, had that been allowed, it would have been followed by evidence to show what was done, and the reasonable cost of it. The defendant's husband, who acted as her agent, was not allowed to testify to conversations with the plaintiff and its agent which were plainly relevant to the question in issue.

It may be that, if the counsel had not been embarrassed by the erroneous rulings referred to, he would still have been unable to elicit testimony tending to establish the counterclaim; but we cannot assume that, and hence the judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.